**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEWTON ARAUJO DINIZ, | No. 08-70754 |
| Petitioner, | Agency No. A079-519-463 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Newton Araujo Diniz, a native and citizen of Brazil, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Araujo Diniz does not challenge the IJ's dispositive finding that his application for asylum was untimely. Accordingly, his asylum claim fails.

Although the IJ found Araujo Diniz's claim that he was arrested in 1979 credible, she found his testimony that he was arrested in 1989 to be inconsistent with his asylum application and his testimony regarding his future fear to be implausible. Substantial evidence supports the adverse credibility determination because Araujo Diniz omitted the key event that caused him to leave Brazil and his testimony that he was arrested by members of the military regime, which was no longer in power in 1989, is implausible. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182-83 (9th Cir. 2008) (omission of details that go to the heart of the claim can support an adverse credibility finding); *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (testimony that is implausible based on the background evidence can be the basis for an adverse credibility finding). Araujo Diniz's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

In light of the adverse credibility finding, Araujo Diniz's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT relief because Araujo Diniz failed to establish it is more likely than not that he will be tortured if returned to Brazil. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

In light of our conclusion that the IJ made an express adverse credibility determination, we reject Araujo Diniz's contention that he was denied due process by the IJ's failure to do so. *See Toufighi v. Mukasey*, 538 F.3d 988, 994-95 (9th Cir. 2008) (IJ's qualifying remarks were sufficient to qualify as an express adverse credibility determination); *Lata*, 204 F.3d at 1246 (petitioner must show error and prejudice to establish a due process violation).

We lack jurisdiction over the IJ's discretionary determination that Araujo Diniz did not demonstrate "exceptional and extremely unusual hardship," and Araujo Diniz has not presented a colorable constitutional claim for us to review. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**